[No. 6672.   Decided January 20, 1908.]

GUSTAV PETERSON et al., Appellants, v. FRANCIS WEIST et al., Respondents.[1]

VENDOR AND PURCHASER—BONA FIDE PURCHASERS—RESERVATIONS—NOTICE. Vendees are not bona fide purchasers without notice of the time allowed for the removal of reserved timber, where they had notice that the timber had been reserved through recitals in a deed through which they claimed title, and they are not entitled to rely upon the statements of their grantors as to the time for removal where inquiry would have disclosed the same.

Appeal from a judgment of the superior court for Cowlitz county, McCredie, J., entered December 1, 1906, upon find-

[1]Reported in 93 Pac. 519.

ings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to enjoin the removal of standing timber. Affirmed.

*M. A. Langhorne* and *Forney & Ponder*, for appellants.

*Thos. N. Strong*, for respondents.

RUDKIN, J.—Some time prior to the 11th day of February, 1897, John Baxter and wife agreed to convey the premises now in controversy to .T. J. Johnson and Samuel Strom, in consideration of the sum of $450 to be thereafter paid, reserving, however, all timber growing on the land. On February 11, 1897, Baxter and wife sold all the timber reserved, except the cedar, to A. C. Mowrey, allowing twelve years from date of sale for the removal of the timber. On December 16th, 1901, Baxter and wife, having received payment of the purchase price, conveyed to Johnson and Strom, their deed containing the following reservation clause: "Saving and reserving therefrom all the timber of every kind and character now thereon, except cedar, reserving also the right to pass over the premises wherever necessary to remove the timber herein reserved; possession to be given of the timber and roads when A. C. Mowrey's time is up upon the timber, viz.: 3 years from Feb. 10, 1902." Johnson, one of the grantees named in the above deed, conveyed to the plaintiff Alex Peterson on June 3, 1902, and Strom, the other grantee, to the plaintiff G. V. Peterson on March 28, 1906. The defendants are the officers and employees of the successor in interest of Mowrey and wife in the timber contract. The deed from Baxter and wife to Johnson and Strom was filed for record February 13, 1906; the deed from Johnson to Alex Peterson on January 9th, 1903; the deed from Strom to G. V. Peterson on September 19, 1906; and the timber contract from Baxter and wife to Mowrey and the assignment thereof, on February 23, 1903. The present action was brought to enjoin the defendants from removing timber from the land under the Mowrey contract.

The only issue in the case was whether the plaintiffs were *bona fide* purchasers for value and without notice of the sale of the timber, or rather of the time allowed for its removal. The court below found that at the time of their purchase the plaintiffs had full notice and knowledge of the sale of the timber and of the time allowed for its removal, and entered judgment dismissing the action. From this judgment the plaintiffs have appealed. The judgment appealed from is manifestly right.

"It is a well-settled rule that where a purchaser has knowledge or information of facts which are sufficient to put an ordinarily prudent man upon inquiry, and the inquiry, if followed with reasonable diligence, would lead to the discovery of defects in the title or of equitable rights of others affecting the property in question, the purchaser will be held chargeable with knowledge thereof and will not be heard to say that he did not actually know of them. In other words, knowledge of facts sufficient to excite inquiry is constructive notice of all that the inquiry would have disclosed." 23 Am. & Eng. Ency. Law (2d ed.), p. 495.

See, also, *Mann v. Young*, 1 Wash. Ter. 454; *Wickman v. Sprague*, 18 Wash. 466, 51 Pac. 1055; *Deering v. Holcomb*, 26 Wash. 588, 67 Pac. 240, 561; *Rattelmiller v. Stone*, 28 Wash. 104, 68 Pac. 168.

Here the appellants had notice of the reservation of the timber, from the recitals in the deed through which they claimed and from other sources; but claim they had no notice of *the time* allowed for its removal, except the notice conveyed by the recital in the Baxter deed, which was three years from February 10, 1902. If they had no notice of the time allowed for the removal of the timber it was solely because they made no inquiry. They could not blindly rely on the statement of their vendors (*Foster, Neville & Co. v. Stallworth*, 62 Ala. 547) and they made no inquiry from any other source. In fact they made no inquiry of their vendors, but relied on the recital contained in the deed transmitted to them through the mail. We think the court was amply warranted in finding that the appellants had actual notice of all of the facts, in-

cluding the time allowed for the removal of the timber, but the recital in the deed under which they claimed was sufficient of itself to excite inquiry, which, if followed up, would lead to notice.

There is no error in the record and the judgment of the court below is affirmed.

HADLEY, C. J., FULLERTON, CROW, and MOUNT, JJ., concur.

DUNBAR and ROOT, JJ., took no part.