# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JOHN P. REISINGER AND
BARBARA J. REISINGER, husband
and wife,

Appellants,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for the
Certificate Holders of Soundview Home
Loan Trust 2005-OPT3, Asset-Back
Certificates, Series 2005-OPT3,

Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. 69867-2-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 29, 2013

LAU, J. — John and Barbara Reisinger defaulted on their residential mortgage loan. Deutsche Bank National Trust Company nonjudicially foreclosed on the deed of trust securing the loan. The Reisingers appeal the trial court's summary judgment order dismissing their lawsuit, which alleged procedural violations of the Washington deeds of trust act, chapter 61.24 RCW. They also challenge the court's dismissal of their vicarious Consumer Protection Act (CPA) chapter 19.86 RCW, claim against Deutsche based on the alleged wrongful conduct of the loan servicer. Because the record

undisputedly shows that the trustee's sale complied with all deeds of trust act requirements and because the Reisingers failed to raise a genuine fact issue as to Deutsche's vicarious liability for the servicer's alleged CPA violation, we affirm the summary judgment order dismissing the Reisingers' lawsuit.

## FACTS

In July 2005, John and Barbara Reisinger granted a deed of trust in favor of Option One Mortgage, a California corporation, to secure a $149,987 home loan they obtained from Option One. Option One later assigned its interest in the note and deed of trust to Deutsche Bank National Trust Company as trustee for the Certificate Holders of Soundview Home Loan Trust 2005-OPT3, Asset-Backed Certificate Series 2005-OPT3. Deutsche appointed Northwest Trustee Services Inc. as successor trustee and authorized American Home Mortgage Servicing Inc. (AHMSI) to act as its servicing agent.

The Reisingers defaulted on the note. In January 2008, Northwest posted and mailed a notice of default. In February 2008, Northwest recorded a notice of trustee's sale, alleging an outstanding balance of $8,951.78. The notice scheduled a trustee's sale for May 23, 2008.

One day before the trustee's sale, the Reisingers filed for bankruptcy and obtained an automatic stay. In March 2010, the bankruptcy court granted Deutsche's unopposed motion to lift the stay. In April 2010, Northwest recorded an amended notice of trustee's sale. The notice alleged an outstanding balance of $57,663 and scheduled a new trustee's sale for May 14, 2010. Northwest postponed the sale several times while the Reisingers unsuccessfully negotiated a loan modification with AHMSI. The

trustee's sale finally occurred on September 10, 2010. Deutsche purchased the property and obtained a trustee's deed.

In March 2011, the Reisingers sued Deutsche to set aside the trustee's sale, alleging procedural violations of the deeds of trust act (Act) and requesting an order quieting title, an accounting under the note, and damages under the CPA. Deutsche moved to dismiss the suit under CR 12(b)(6).[1] Because Deutsche submitted documentary evidence with its motion, the trial court converted the motion into a CR 56 motion for summary judgment.[2] The Reisingers filed a summary judgment response, arguing that the trustee's sale was invalid due to "errors in the default paperwork," "equitable factors that preclude sale," "legal presumptions that favor the plaintiff borrower," and "facts showing an unfair and deceptive act." In September 2011, the court granted summary judgment in favor of Deutsche. The Reisingers filed this pro se appeal.

## ANALYSIS

The Reisingers contend that procedural irregularities rendered the trustee's sale invalid and that AHMSI's bad faith negotiations constituted a CPA violation for which Deutsche is vicariously liable. Deutsche argues that no genuine issues of material fact remain regarding either the sale's compliance with all statutory requirements or its liability for AHMSI's alleged CPA violation. We agree with Deutsche and affirm.

---

[1] CR 12(b)(6) permits a party to assert "failure to state a claim upon which relief can be granted" as a defense to a claim for relief.

[2] The Reisingers do not assign error to this trial court action.

-3-

Standard of Review

We review an order granting summary judgment de novo. Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). We will affirm the trial court if, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, we determine that no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. Jones, 146 Wn.2d at 300-01; CR 56(c). "To defeat summary judgment, [the nonmoving party's] evidence must set forth specific, detailed, and disputed facts; speculation, argumentative assertions, opinions, and conclusory statements will not suffice." Sanders v. Woods, 121 Wn. App. 593, 600, 89 P.3d 312 (2004).

Notice of Default

In a supplemental brief,[3] the Reisingers argue that the trustee's sale was invalid because neither the trustee nor Deutsche reissued the notice of default after the bankruptcy court lifted the automatic stay in March 2010.[4] They claim they were entitled to a new notice of default before the trustee issued its amended notice of sale in April 2010. This claim lacks merit for three reasons.

First, Deutsche never rescinded the notice of default and nothing in the Act required the trustee or Deutsche to reissue the notice. After the bankruptcy court lifts

---

[3] In September 2012, Division Two of this court issued a notation ruling granting the Reisingers permission to file a supplemental brief and permitting Deutsche to file a supplemental response brief. The Reisingers filed a supplemental brief on October 22, 2012. Deutsche filed a supplemental response brief on November 19, 2012.

[4] The Reisingers' opening brief claims this issue was discussed "at length" in one of its trial court briefs. Appellants' Revised Opening Br. at 5. We do not allow litigants to argue using incorporation by reference. Diversified Wood Recycling, Inc. v. Johnson, 161 Wn. App. 859, 890, 251 P.3d 293 (2011).

an automatic stay, "the trustee may set a new sale date which shall not be less than forty-five days after the date of the bankruptcy court's order." RCW 61.24.130(4). At least 30 days before the new sale date, the trustee must issue a new notice of sale that complies with requirements in RCW 61.24.040(1)(a)-(f). RCW 61.24.130(4)(a). Additionally, the trustee must publish the notice "in a legal newspaper in each county in which the property or any part thereof is situated, once between the thirty-fifth and twenty-eighth day before the sale and once between the fourteenth and seventh day before the sale." RCW 61.24.130(4)(b). The statute nowhere requires the trustee to reissue the notice of default.[5] See Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 80 Wn. App. 655, 671, 910 P.2d 1308 (1996) (trustee's issuance of new notice of sale following dismissal of the deed of trust grantor's bankruptcy petition "was not cause for renewing the process from the beginning").

Second, the Reisingers' challenge fails because they demonstrate no prejudice. We construe the Act to further three public policy objectives: "First, the nonjudicial foreclosure process should remain efficient and inexpensive. Second, the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure. Third, the process should promote the stability of land titles." Cox v. Helenius, 103 Wn.2d 383, 387, 693 P.2d 683 (1985) (citation omitted). In light of these objectives, we have held that a litigant seeking to set aside a trustee's sale based on a procedural irregularity must show prejudice. Koegel v. Prudential Mut. Sav. Bank, 51

---

[5] The legislature substantially amended the Act in 2009 to add new requirements for foreclosure of owner-occupied residential property and property occupied by residential tenants. See LAWS OF 2009, ch. 292. The Reisingers do not argue that these changes applied retroactively to the notice of default issued in January 2008.

Wn. App. 108, 113, 752 P.2d 385 (1988) (trustee's issuance of notice of sale less than 30 days after notice of default was nonprejudicial under the circumstances and did not provide a basis to void the sale); see also Steward v. Good, 51 Wn. App. 509, 515, 754 P.2d 150 (1988) (trustee's failure to provide sufficient notice of the sale date did not provide a basis to void the sale where there was "no showing of harm to the debtor."). The Reisingers do not argue that they suffered prejudice.

Finally, even if the statute required the trustee to reissue the notice of default, the Reisingers waived their challenge by failing to seek a presale order restraining the sale. "[W]aiver of any postsale challenge occurs where a party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." Albice v. Premier Mortgage Servs. of Wash., Inc., 174 Wn.2d 560, 569, 276 P.3d 1277 (2012) (citing Plein v. Lackey, 149 Wn.2d 214, 227, 67 P.3d 1061 (2003)).

The alleged violation ostensibly occurred in April 2010 when the trustee recorded the amended notice of sale without reissuing the notice of default. Because the trustee's sale occurred in September 2010, the Reisingers had ample opportunity to obtain a presale injunction. They do not contest that they received notice of their right to enjoin the sale, that they had actual or constructive knowledge of their challenge before the sale, and that they failed to seek an order restraining the sale. Instead, the undisputed record shows they challenged the sale procedures for the first time in their March 2011 action to quiet title. "To allow one to delay asserting a defense until this late stage of the proceedings would be to defeat the spirit and intent of the trust deed act." Peoples Nat'l Bank of Wash. v. Ostrander, 6 Wn. App. 28, 32, 491 P.2d 1058

(1971). In light of the undisputed record, we conclude that waiver is "equitable under the circumstances and . . . serves the goals of the act."[6] Albice, 174 Wn.2d at 570.

### Trustee's Deed

The Reisingers next argue that the trustee's sale was invalid because the trustee's deed contains an erroneous recital.[7] The deed states that the trustee recorded the notice of sale in February 2008 when, in fact, the trustee recorded an amended notice of sale in April 2010. The Reisingers claim this error renders the trustee's deed invalid on its face because it demonstrates that the sale did not occur within 120 days of the sale date set by the notice of sale, as required by RCW 61.24.040(6):

> A simple calculation shows that 931 days had passed from the recording of the Notice of Trustee's Sale to the date of the Trustee's Sale itself. The 2008 Notice of Trustee's Sale recites a sale date of May 23, 2008. RCW 61.24.040(6) provides that a trustee may continue a sale for a period "not exceeding a total of 120 days." That takes the sale date out to mid-September of 2008. The purported sale took place two years later—well beyond the statutory time limit.

Appellants' Suppl. Br. at 2-3.

Deutsche agrees that the recital should have referred to the amended notice of sale recorded in April 2010 as opposed to the original notice of sale recorded in

---

[6] Under a 2009 amendment to the Act, "[t]he failure of the borrower or grantor to bring a civil action to enjoin a foreclosure sale under this chapter may not be deemed a waiver of a claim for damages asserting: . . . (c) Failure of the trustee to materially comply with the provisions of this chapter." LAWS OF 2009, ch. 292, § 6 (emphasis added), now codified as RCW 61.24.127(1). The amendment clarifies, "The claim may not seek any remedy at law or in equity other than monetary damages." LAWS OF 2009, ch. 292, § 6 (emphasis added), now codified as RCW 61.24.127(2)(b). Because the Reisingers sought to void the trustee's sale (i.e., they did not seek monetary damages), the amendment does not affect our conclusion that waiver applies.

[7] Under RCW 61.24.040(7), a trustee's deed's recital of statutory compliance constitutes "prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value . . . ." Deutsche does not argue that it was a bona fide purchaser within the meaning of this provision.

February 2008. It argues, however, that we should look behind the recital to confirm that, in fact, the sale occurred no more than 120 days after the sale date set by the amended notice of sale:

> The Reisingers do correctly point out that the trustee's deed referenced the original Notice of Trustee's Sale setting the foreclosure sale for February 2008. But this is irrelevant since the Public Record establishes, and the Reisingers concede, that an Amended Notice of Trustee's Sale was recorded in April 2010.

Deutsche further argues:

> [The amended notice of sale] set the sale date for May 14, 2010. The trustee's sale occurred on September 10, 2010—within 120 days of the original sale date. Therefore, reference in the trustee's deed to the original 2008 notice of foreclosure is immaterial because the Official Records include the required notices and documents showing compliance with the [Act].

Respondent's Suppl. Response at 9 (citations omitted).

We agree with Deutsche. In <u>Albice</u>, the court looked behind the recitals in a trustee's deed to determine that, as a matter of fact, the trustee continued the sale beyond the statutorily mandated 120-day limit:

> [S]trictly applying the statute as required, we agree with the Court of Appeals and hold that under RCW 61.24.040(6), a trustee is not authorized, at least not without reissuing the statutory notices, to conduct a sale after 120 days from the original sale date, and such a sale is invalid.
> Here, Premier issued the notice of trustee's sale listing the sale date as September 8, 2006. Premier held the actual sale on February 16, 2007, 161 days from the original sale date in violation of the statute and divesting its statutory authority to sell. The sale was invalid.

<u>Albice</u>, 174 Wn.2d at 568. In so holding, the court disregarded the deed's recital that "misleadingly listed the sale date in the notice of trustee's sale as February 16, 2007, instead of the original sale date of September 8, 2006." <u>Albice</u>, 174 Wn.2d at 573 n.9. It also disregarded the deed's "conclusory" recital stating, "'[A]ll legal requirements and

all provisions of said Deed of Trust have been complied with, as to acts to be performed and notices to be given, as provided in Chapter 61.24 RCW.'" Albice, 174 Wn.2d at 573 n.9.

As in Albice, we look behind the inaccurate recital and conclude that the trustee's sale in fact complied with all statutory requirements. We do so because it is our function "to ensure trustees strictly comply with the requirements of the act . . . ." Albice, 174 Wn.2d at 572. The Reisingers do not dispute that Deutsche recorded an amended notice of sale in April 2010[8] and that the sale actually occurred within the time allotted by statute.[9] Under these circumstances, to favor the deed's recitals over the undisputed record would undermine the goals of efficiency and stability of land titles without enhancing the Reisingers' "opportunity . . . to prevent wrongful foreclosure. See Cox, 130 Wn.2d at 387. We decline to void the trustee's sale.

The Reisingers' claim fails for the additional reason that they neither claim nor demonstrate prejudice. As discussed above, a litigant seeking to set aside a trustee's sale based on a procedural irregularity must show prejudice. Koegel, 51 Wn. App. at 113. The same rule applies when the litigant challenges an irregularity occurring at or after the sale. Colo. Structures, Inc. v. Blue Mountain Plaza, LLC, 159 Wn. App. 654,

---

[8] The Reisingers alleged the existence of the amended notice of sale in their complaint and refer to it in their supplemental brief. They acknowledge that the amended notice of sale "[t]heoretically . . . could have been appropriate," but argue that we should disregard it. Suppl. Br. of Appellants at 4. For the reasons discussed above, we decline to disregard the amended notice of sale.

[9] The Reisingers speculate that the trustee's deed deliberately referred to the original notice of sale because "the trustee realized that the amended Notice of Trustee's Sale was invalid and had to hide it from scrutiny by not mentioning it in the Trustee's Deed or in any of the court documents." Suppl. Br. of Appellants at 3. This unsupported claim lacks merit.

666, 246 P.3d 835 (2011); see also Albice, 174 Wn.2d at 581 n.4 (Stephens, J., concurring). The Reisingers do not argue that recital prejudiced them in any way.

In a related argument, the Reisingers contend that the trustee's deed is invalid because it states that the trustee "caused copies of the statutory 'Notice of Trustee's Sale' to be transmitted by mail to all persons entitled thereto and either posted or served prior to 90 days before the sale . . . ." Under RCW 61.24.130(4), if the bankruptcy court lifts an automatic stay, the trustee "may set a new sale date which shall not be less than forty-five days after the date of the bankruptcy court's order."

Because the statute refers to a 45-day period, the Reisingers argue that the reference in the trustee's deed to a 90-day period renders the deed invalid on its face. This argument fails. As discussed above, the trustee's sale in fact complied with the Act, including RCW 61.24.130(4)'s requirement that the trustee set the postbankruptcy stay sale date at least 45 days after the date of the bankruptcy court's order. Because the Reisingers received adequate notice and demonstrate no prejudice, their challenge fails. Colo. Structures, 159 Wn. App. at 666.

### Consumer Protection Act

To prevail on an action for damages under the CPA, the plaintiff must establish an "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780, 719 P.2d 531 (1986). "[W]hether a particular action gives rise to a Consumer Protection Act violation is reviewable as a question of law." Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 150, 930 P.2d 288 (1997).

The Reisingers contend that Deutsche committed a vicarious CPA violation when AHMSI refused to negotiate a loan modification in good faith:

> While appellants understood that AHM[S]I was under no obligation to modify their mortgage, by accepting appellants' application, AHMSI took upon itself an obligation to process that application in a professional manner and to act in good faith. Yet AHMSI lost appellants' application at least twice, lost repeated submission of documents made by appellants and consistently refused to allow appellants to speak directly to anyone in a decision making capacity.

Br. of Appellants, Revised at 2-3 (citation omitted).

The Reisingers did not name AHMSI as a defendant. Instead, they argue that Deutsche is vicariously liable for AHMSI's bad faith acts because, as AHMSI's principal, it "must accept responsibility for every action and omission of AHMSI as if it were their own." Br. of Appellants, Revised at 4. They cite no authority for this contention.

Even assuming without deciding that the trial court may impose vicarious liability on a note holder and deed of trust beneficiary for a CPA violation committed by a loan servicer, we conclude that the record provides no basis to impose vicarious liability on Deutsche. "We consider several factors before imposing vicarious liability, but the most crucial factor is the right to control the manner, method, and means by which the work and the desired result was to be accomplished." Chicago Title Ins. Co. v. Wash. State Office of Ins. Comm'r, 166 Wn. App. 844, 854-55, 271 P.3d 373, review granted, 174 Wn.2d 1012 (2012); see also Stephens v. Omni Ins. Co., 138 Wn. App. 151, 183, 159 P.3d 10 (2007) ("The right to control is indispensable to vicarious liability."). To survive summary judgment, the Reisingers must raise a genuine issue of material fact regarding

-11-

Deutsche's right to control AHMSI's loan modification negotiations with the Reisingers.[10] The record shows that the Reisingers submitted no evidence of control in their summary judgment materials. Because the Reisingers failed to sustain their burden, the trial court properly granted summary judgment in favor of Deutsche.

The Reisingers' claim also fails because they do not adequately explain how the trial court erred in its application of the Hangman Ridge test quoted above. Under that test, "a claim under the Washington CPA may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." Klem v. Wash. Mut. Bank, ___ Wn.2d ___, 295 P.3d 1179, 1187 (2013). Although the Reisingers claim they "demonstrated a consistent pattern of deceptive behavior on the part of the [Deutsche's] Servicing Agent, AHMSI," they do not cite the record for support. Suppl. Br. of Appellants at 7. They also fail to explain why AHMSI's behavior was "unfair" or "deceptive" under the CPA. "Absent adequate, cogent argument and briefing, we decline to wander through the complexities of the Consumer Protection Act." Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989); see also Palmer v. Jensen, 81 Wn. App. 148, 153, 913 P.2d 413 (1996) ("Passing treatment of an issue or lack of reasoned argument is insufficient to

---

[10] Deutsche did not raise the issue of vicarious liability below. But because its argument regarding control relies only on evidence presented to the trial court, and in the interest of judicial economy, we exercise our discretion to consider the issue. See RAP 2.5(a) ("A party may present a ground for affirming a trial court decision which was not presented to the trial court if the record has been sufficiently developed to fairly consider the ground.").

69867-2-I/13

merit judicial consideration."). Because the Reisingers demonstrate no trial court error, we affirm the court's summary judgment order dismissing the Reisingers' lawsuit.

WE CONCUR:

-13-