# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| TRIANGLE PROPERTY<br>DEVELOPMENT, LLC, | ) | No. 72113-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BYRON L. BARTON and<br>JEAN BARTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | FILED: September 28, 2015 |
| Appellants. | ) | |

VERELLEN, A.C.J. — Following a trustee's nonjudicial deed of trust foreclosure sale of their property to Triangle Property Development, Byron Barton and Jean Barton sued their lender alleging wrongful foreclosure. When the Bartons failed to vacate the property, Triangle Property filed an unlawful detainer action. The trial court granted the writ of restitution.

On appeal, the Bartons challenge the trial court's issuance of the writ, contending the trial court should have allowed them to collaterally attack the trustee's sale in the unlawful detainer action. But only limited procedural defects divest a trustee of its authority to conduct the foreclosure sale. The Bartons do not establish that the defects they allege can be raised in an unlawful detainer action to set aside a foreclosure sale.

The Bartons also challenge the trial court's denial of their motion to stay the writ pending appeal. But consistent with the requirements of RCW 59.12.200, the trial court

did not abuse its discretion in setting the bond requirement for a stay, and the Bartons were unable to meet that requirement.

## FACTS

The material facts are undisputed. The Bartons defaulted on a promissory note secured by a deed of trust. After failing to cure the default, the trustee began a nonjudicial foreclosure. On April 11, 2014, Triangle Property purchased the property at the foreclosure sale. On April 16, 2014, Quality Loan Service Corporation's trustee's deed conveyed title to Triangle Property. The deed was recorded on April 28, 2014.

On May 5, 2014, the Bartons sued their lender, alleging wrongful foreclosure and various other claims.[1] On May 22, 2014, Triangle Property filed an unlawful detainer action seeking possession of the foreclosed property. In their answer, the Bartons disputed the validity of the trustee's sale, specifically arguing that the lender failed to provide them "with a Notice of Default, an opportunity to mediate under the Foreclosure Fairness Act, and a Notice of Pre-Foreclosure Options."[2]

On June 2, 2014, the Bartons filed a motion to stay the unlawful detainer action and to enjoin Triangle Property from pursuing a writ of restitution. The trial court denied the motion.

The trial court issued the writ of restitution. The Bartons appealed the order granting the writ and sought a stay of the writ pending appeal. The Bartons were unable to post the bond set by the trial court as a condition of a stay.

The Bartons appeal.

---

[1] The complaint from the Bartons' separate lawsuit against the lender is not included in the record.

[2] Clerk's Papers (CP) at 42.

2

## ANALYSIS

*Writ of Restitution and Denial of Motion to Stay Unlawful Detainer Action*

The Bartons contend the trial court erred in denying their motion to stay the unlawful detainer action and in issuing a writ of restitution. We disagree.

Our analysis is limited to questions of law, which we review de novo.[3] The Bartons' core contention is that the trustee's sale was invalid because they never received a notice of default and preforeclosure options. The Bartons argue the purchaser had no right to possession, the writ of restitution was not warranted, and the trial court should have stayed the unlawful detainer action pending the outcome of their separate lawsuit against the lender. Although some nonjudicial foreclosure sale defects can be raised for the first time in a postsale unlawful detainer action, the Bartons provide no authority that their alleged defects qualify.[4]

First, the purchaser at a nonjudicial deed of trust foreclosure sale may bring an unlawful detainer action to evict the previous owners of the home if possession is not transferred within 20 days following the sale.[5]

Second, only limited issues may be raised in an unlawful detainer action. The purpose of an unlawful detainer action is to provide a speedy resolution of the right to possession of real property.[6] "Unlawful detainer actions offer a plaintiff the advantage

---

[3] Mountain Park Homeowners Ass'n v. Tydings, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994).

[4] See Albice v. Premier Mortg. Servs. of Wash., Inc., 174 Wn.2d 560, 568, 276 P.3d 1277 (2012) (trustee lacked any statutory authority to conduct sale beyond 120-day deadline of RCW 61.24.040(6)).

[5] RCW 61.24.060; Fed. Nat'l Mortg. Ass'n v. Ndiaye, ___ Wn. App. ___, 353 P.3d 644, 646-47 (2015).

[6] Christensen v. Ellsworth, 162 Wn.2d 365, 370-71, 173 P.3d 228 (2007).

of speedy relief, but do not provide a forum for litigating claims to title."[7] "'Although the court [in an unlawful detainer action] does not sit as a court of general jurisdiction to decide issues unrelated to possession of the subject property, it may resolve any issues necessarily related to the parties' dispute over such possession.'"[8]

Third, the deeds of trust act permits a borrower to correct a default before the trustee's sale or to restrain the trustee's sale by filing an action contesting the sale *before it occurs*.[9] The failure to restrain the sale constitutes a waiver of all but fundamental defects that negate the authority of the trustee to conduct a nonjudicial foreclosure. Examples include conducting a sale beyond the 120-day statutory deadline,[10] or a nonjudicial foreclosure of agricultural property.[11] The Bartons did not seek to enjoin the sale and provide no authority that the defects they allege are immune to waiver. The Bartons argue RCW 61.24.127 allows them to pursue a claim for damages based upon the alleged defects. But that does not mean the Bartons may seek to set aside the sale in the unlawful detainer action.[12]

---

[7] Ndiaye, 353 P.3d at 647.

[8] Excelsior Mortg. Equity Fund, II, LLC v. Schroeder, 171 Wn. App. 333, 344, 287 P.3d 21 (2012) (alteration in original) (quoting Port of Longview v. Int'l Raw Materials, Ltd., 96 Wn. App. 431, 438, 979 P.2d 917 (1999)).

[9] RCW 61.24.090, .130; Plein v. Lackey, 149 Wn.2d 214, 225, 67 P.3d 1061 (2003).

[10] Albice, 174 Wn.2d at 567-68.

[11] Schroeder v. Excelsior Mgmt. Grp., LLC, 177 Wn.2d 94, 105-06, 297 P.3d 677 (2013).

[12] RCW 61.24.127(1) provides that the "failure of the borrower or grantor to bring a civil action to enjoin a foreclosure sale under this chapter may not be deemed a waiver of a claim for damages asserting: (a) Common law fraud or misrepresentation; (b) A violation of Title 19 RCW; (c) Failure of the trustee to materially comply with the provisions of this chapter; or (d) A violation of RCW 61.24.026." The nonwaived claims above "may not seek any remedy at law or in equity other than monetary damages" and

Fourth, even if waiver does not apply, the Bartons provide no authority that a bona fide purchaser for value is subject to claims of a defective sale.[13] And the Bartons do not assert, and the record does not suggest, that Triangle Property is not a bona fide purchaser.[14] [15]

The record here supports the writ of restitution. The parties do not dispute that Triangle Property purchased the property at the foreclosure sale. The trustee's deed, recorded in King County on April 28, 2014, conveyed title in the property to Triangle Property. When the deed recites facts showing the trustee's sale was conducted in compliance with all of the requirements of the deeds of trust act and the deed of trust, the recital is "prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value."[16] The parties do not

---

"may not affect in any way the validity or finality of the foreclosure sale or a subsequent transfer of the property." RCW 61.24.127(2).

[13] See Albice, 174 Wn.2d at 573-74.

[14] "'A bona fide purchaser for value is one who without notice of another's claim of right to, or equity in, the property prior to his acquisition of title, has paid the vendor a valuable consideration.'" Steward v. Good, 51 Wn. App. 509, 512-13, 754 P.2d 150 (1988) (quoting Glaser v. Holdorf, 56 Wn.2d 204, 209, 352 P.2d 212 (1960)). A purchaser has knowledge of a claim of right or defect only if he or she has knowledge of facts sufficient to put an ordinarily prudent person upon inquiry, and a reasonably diligent inquiry would lead to the discovery of the defects of title. Id. at 513 (quoting Peterson v. Weist, 48 Wash. 339, 341, 93 P.519 (1908)). We note that the record does not reflect Triangle Property had knowledge of any defect in the sale that would put an ordinarily prudent person upon inquiry to discover a defect of title.

[15] Compare Albice, 174 Wn.2d at 573-74 (purchaser at trustee's sale was not a bona fide purchaser for value when he communicated with the debtor, had extensive experience with nonjudicial foreclosure sales, and knew the sale price was grossly below the value of the property) with Steward, 51 Wn. App. at 513-14 (purchasers at trustee's sale were bona fide purchasers for value when they "had little real estate investing experience," "had no notice of any claims of any defects in the sale," and "before the sale, [the purchasers] had not met the trustee nor had any communication from him that would indicate any defects in the presale procedure").

[16] RCW 61.24.040(7).

dispute that more than 20 days passed before Triangle Property initiated the unlawful detainer action. The Bartons do not challenge Triangle Property's compliance with chapter 59.12 RCW. And the trustee's deed recited facts reflecting that the sale was conducted in compliance with the statutory requirements and the deed of trust. On this record, we conclude the trial court properly granted the writ of restitution.

The Bartons rely upon Albice v. Premier Mortgage Services,[17] but Albice is inapposite. There, the homeowners defaulted on their mortgage loan and received a notice of trustee's sale. The trustee's sale occurred 161 days after the original date set forth in the notice of trustee's sale. "Procedural irregularities, such as those divesting a trustee of its statutory authority to sell the property, can invalidate the sale."[18] The Albice court concluded that the trustee's failure to conduct the sale within the 120-day statutorily prescribed time period divested the trustee of any statutory authority to conduct the sale. "Without statutory authority, any action taken is invalid."[19] Therefore, the court held the sale was invalid.[20] But here, the trustee conducted the sale within 120 days of the original sale date. The Bartons provide no authority to support that the lack of a notice of default and preforeclosure options are procedural irregularities that divest a trustee of authority to conduct the sale.

As to the Bartons' motion to stay the unlawful detainer pending the outcome of their separate lawsuit against the lender, such a stay generally requires a showing that

---

[17] 174 Wn.2d 560, 276 P.3d 1277 (2012).

[18] Id. at 567; see also Udall v. T.D. Escrow Servs., Inc., 159 Wn.2d 903, 914-15, 154 P.3d 882 (2007) (insufficiency of price is not a procedural irregularity that voids a nonjudicial foreclosure sale).

[19] Albice, 174 Wn.2d at 568.

[20] Id.

success would impact Triangle Property's right to possession.[21] The Bartons do not cite any legal authority supporting a stay pending the outcome of their lawsuit against the lender.

### Failure to Grant a Stay of the Writ of Restitution

The Bartons challenge the trial court's denial of their motion to stay the writ of restitution pending appeal, contending the bond amount set by the trial court was unreasonably high. We disagree.

We review the decision to stay execution of a writ of restitution pending appeal for abuse of discretion.[22] A trial court abuses its discretion if the decision is based on untenable grounds or for untenable reasons.[23]

RCW 59.12.200 and .220 govern the appeal of an unlawful detainer action.[24] A party aggrieved by a judgment in an unlawful detainer proceeding may seek appellate review. Rather than RAP 8.1 or 8.3, RCW 59.12.200 governs a stay of the writ of restitution pending appeal. If the party appealing desires a stay of proceedings pending review, the party "shall execute and file a bond, with two or more sufficient sureties to be approved by the judge, conditioned to abide the order of the court, and *to pay all rents and other damages justly accruing to the plaintiff during the pendency of the proceeding.*"[25] The bond must be filed if the defendant seeks a stay pending review and

---

[21] See Cameron v. Acceptance Capital Mort. Corp., No. C13-1707 RSM, 2013 WL 5664706, at *2 (W.D. Wash. 2013).

[22] Shaw v. City of Des Moines, 109 Wn. App. 896, 900, 37 P.3d 1255 (2002).

[23] Id. at 901.

[24] Comment to RAP 18.22 ("RCW 59.12.200 affects relief available under Rules 8.1 and 8.3, and is retained.").

[25] RCW 59.12.200 (emphasis added).

wishes to continue to occupy the premises pending trial.[26] The filing of a bond is intended to protect against the prevailing party's economic loss during the appeal's pendency when the defendant continues to occupy the premises.[27]

The trial court rejected the bond proposed by the Bartons. The Bartons offered to post a supersedeas bond of $4,000, representing the reasonable value of one month's rent for a property worth $646,000. The Bartons argued that the $4,000 bond represented "nine weeks' rental of the Property."[28] But the record is devoid of any evidence that $4,000 represented one month's rent, let alone nine weeks' rent. Nor is nine weeks a reasonable forecast of the time required for an appeal.

By contrast, Triangle Property argued below that the "market rental value of this Property is $2,835 per month."[29] Triangle Property proposed a bond amount of $34,000, representing one year's worth of rent or, in the alternative, $18,200, representing six and one-half months' rent.[30]

The Bartons argue that they proposed periodic payments of $4,000 per month during the appeal, but the record does not reflect such an offer. And, contrary to their arguments, the policy underlying the deeds of trust act does not compel the trial court to set a bond based upon periodic payments. The Bartons do not establish that the trial court abused its discretion or otherwise exceeded its authority under RCW 59.12.200 by rejecting their proposed bond.

---

[26] Housing Authority v. Pleasant, 126 Wn. App. 382, 390, 109 P.3d 422 (2005).

[27] RCW 59.12.100.

[28] CP at 77.

[29] CP at 89.

[30] Triangle also forecast attorney fees on appeal of $14,000.

We express no opinion on the merits of the Bartons' pending separate lawsuit for damages against the lender.

Affirmed.

WE CONCUR: