FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2018 JAN 16 AM 11: 00



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| DWA INVESTMENTS, LLC, | No. 77154-0-I/Linked w/ No. 77153-1-I |
| Respondent, | |
| v. | DIVISION ONE |
| MARCEL MADDOX BEY, | UNPUBLISHED OPINION |
| Appellant. | FILED: January 16, 2018 |

SPEARMAN, J. — The buyer at a nonjudicial foreclosure sale may bring an unlawful detainer action if the previous owner does not vacate. The only issue in an unlawful detainer action is the right to possession. DWA Investments, LLC (DWA) bought Marcel Maddox Bey's[1] home at a trustee's sale and brought an unlawful detainer action when Maddox Bey did not vacate the premises. The trial court ruled that DWA was entitled to possession and issued a writ of restitution. Maddox Bey appeals, asserting, among other arguments, that the trustee's sale was void, DWA did not prove it purchased the property, and DWA was not a bona fide purchaser. Finding no error, we affirm.

---

[1] Marcel Maddox is the named defendant in this action. He refers to himself as Marcel Maddox Bey. We follow his usage.

## FACTS

Maddox Bey defaulted on a home loan and the lender foreclosed. A trustee's sale was set for July 22, 2016. On July 20, Maddox Bey named the lender in an action to quiet title.[2] Maddox Bey declared that he rescinded his signature on the deed of trust and was no longer liable for any debt arising from the deed. He also filed documents proclaiming that, as a Moorish-American, he was immune from taxation as well as criminal and civil jurisdiction of the United States. Maddox Bey's complaint did not seek to restrain the trustee's sale.

The trustee's sale took place as scheduled on July 22. DWA bought the property. Maddox Bey did not vacate and, on August 12, DWA brought an unlawful detainer action. The trial court found that DWA purchased the property at the trustee's sale. The trial court also found that Maddox Bey received notice that his right to occupy the property had terminated and he failed to show any ground permitting his continued occupation. The court ruled in favor of DWA and issued a writ of restitution. Maddox Bey appeals.

## DISCUSSION

An unlawful detainer action is a summary proceeding for determining the right of possession of real property. Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985) (citing RCW 59.12.030). Because it is a summary proceeding, the action is limited to the question of possession. Id. (citing Kessler v. Nielsen, 3 Wn. App. 120, 472 P.2d 616 (1970)). Unlawful detainer is available to the buyer

---

[2]In a related appeal, Maddox Bey challenges the trial court's dismissal of his quiet title action. See Maddox Bey v. Guild Mortgage Company, No. 77153-1-I.

at a nonjudicial foreclosure sale if the previous owner does not vacate. RCW 61.24.060(1). The buyer must comply with statutory notice requirements. RCW 61.24.060(2).

We review the trial court's findings of fact in an unlawful detainer action for substantial evidence and its conclusions of law de novo. Pham v. Corbett, 187 Wn. App. 816, 825, 351 P.3d 214 (2015) (citing Hegwine v. Longview Fibre Co., Inc., 132 Wn. App. 546, 555–56, 132 P.3d 789 (2006)). Unchallenged findings of fact are verities on appeal. Id. (citing Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992)).

In this case, the trial court found that DWA purchased the property at the trustee's sale. The trial court also found that Maddox Bey received notice but failed to vacate the property. Maddox Bey does not challenge these findings. They are verities on appeal.

Maddox Bey contends the trial court erred in issuing a writ of restitution for several reasons. He argues that DWA failed to prove that it purchased the property at the trustee's sale because, at the hearing, DWA did not call any witnesses with first-hand knowledge. Maddox Bey also asserts that the trustee's sale was void and could not result in lawful title. Neither argument has merit.

First, the trial court found that DWA purchased the property and, because Maddox Bey did not challenge the finding, it is a verity on appeal. Pham, 187 Wn. App. at 825.

Second, Maddox Bey acknowledges that DWA submitted a trustee's deed in support of its claim that it legitimately purchased the property. It is well settled

that a trustee's deed that recites the facts showing that the sale was conducted in compliance with the Deed of Trust Act (DTA) is "prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchasers. . . ." RCW 61.24.040(7).

Here, Maddox Bey's assertion that the sale was void rests solely on his unilateral rescission of his signature on the deed of trust. But he cites no authority recognizing unilateral rescission of signature as a ground to escape contractual obligations. Nor does he challenge the deed's adequacy or point to any evidence that the sale failed to comply with the DTA. The trial court did not err in rejecting his argument that the trustee's sale was invalid.

Maddox Bey next contends that DWA was not a bona fide purchaser. A bona fide purchaser is one who buys real property for valuable consideration without notice of title or sale defects. Albice, 174 Wn.2d at 573. The party challenging the buyer's status has the burden of proving that the buyer had actual or constructive notice of such a defect. Glaser v. Holdorf, 56 Wn.2d 204, 209, 352 P.2d 212 (1960). A buyer who has knowledge or information that would cause a reasonable person to inquire has constructive knowledge of everything the inquiry would have revealed. Albice, 174 Wn.2d at 573. See also Steward v. Good, 51 Wn. App. 509, 513, 754 P.2d 150 (1988) (where a buyer has reason to inquire, and inquiry would lead to the discovery of defects in the title, the buyer is not a bona fide purchaser) (citations omitted).

Maddox Bey asserts that he informed Jeremie Dufault, one of DWA's principals, that he had filed a lawsuit to quiet title to the property.[3] But, even if Dufault had notice of Maddox Bey's lawsuit, any inquiry into the action would have revealed no title or sale defects. Maddox Bey's quiet title complaint did not allege that he had satisfied the underlying debt or that the trustee's sale failed to comply with statutory procedures. The complaint did not seek to enjoin the sale. If DWA had a duty to inquire, the inquiry would have revealed the validity of the trustee's sale. Maddox Bey fails to show that DWA was not a bona fide purchaser.

It is difficult to follow Maddox Bey's further arguments. He challenges the trial court's ruling for DWA on the grounds that he is not subject to the jurisdiction of the United States or the State of Washington and the unlawful detainer action violates his treaty and constitutional rights as a Moorish-American. He appears to argue that DWA failed to honor a tender of credit posted while this appeal was pending and this failure constituted cruel and unusual punishment. Maddox Bey asserts that he is entitled to money damages for wrongful eviction and violation of his liberty. We do not consider these arguments because Maddox-Bey fails to explain how they are pertinent to the unlawful detainer action or support them with relevant authority.[4]

---

[3] Maddox Bey relies on evidence of his conversation with Dufault. DWA contends this evidence was not in the record below and should not be considered on this appeal. Because the evidence is not relevant to our resolution of the issue, we do not address its admissibility.

[4] The authority Maddox Bey cites, including the United States Constitution, the Bill of Rights, and the Washington State Constitution, provides no support for his assertions.

No. 77154-0-I/Linked w/77153-1-I/6

Affirmed.

WE CONCUR:

_____

_____

Spearman, J.

_____

Schindler, J.



FILED
COURT OF APPEALS DIV
STATE OF WASHINGTON

2018 JAN 16 AM 11: 00

## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| DWA INVESTMENTS, LLC, | ) | No. 77154-0-I/Linked w/ |
| | ) | No. 77153-1-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| MARCEL MADDOX BEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: January 16, 2018 |

SPEARMAN, J. — The buyer at a nonjudicial foreclosure sale may bring an unlawful detainer action if the previous owner does not vacate. The only issue in an unlawful detainer action is the right to possession. DWA Investments, LLC (DWA) bought Marcel Maddox Bey's[1] home at a trustee's sale and brought an unlawful detainer action when Maddox Bey did not vacate the premises. The trial court ruled that DWA was entitled to possession and issued a writ of restitution. Maddox Bey appeals, asserting, among other arguments, that the trustee's sale was void, DWA did not prove it purchased the property, and DWA was not a bona fide purchaser. Finding no error, we affirm.

---

[1] Marcel Maddox is the named defendant in this action. He refers to himself as Marcel Maddox Bey. We follow his usage.

## FACTS

Maddox Bey defaulted on a home loan and the lender foreclosed. A trustee's sale was set for July 22, 2016. On July 20, Maddox Bey named the lender in an action to quiet title.[2] Maddox Bey declared that he rescinded his signature on the deed of trust and was no longer liable for any debt arising from the deed. He also filed documents proclaiming that, as a Moorish-American, he was immune from taxation as well as criminal and civil jurisdiction of the United States. Maddox Bey's complaint did not seek to restrain the trustee's sale.

The trustee's sale took place as scheduled on July 22. DWA bought the property. Maddox Bey did not vacate and, on August 12, DWA brought an unlawful detainer action. The trial court found that DWA purchased the property at the trustee's sale. The trial court also found that Maddox Bey received notice that his right to occupy the property had terminated and he failed to show any ground permitting his continued occupation. The court ruled in favor of DWA and issued a writ of restitution. Maddox Bey appeals.

## DISCUSSION

An unlawful detainer action is a summary proceeding for determining the right of possession of real property. Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985) (citing RCW 59.12.030). Because it is a summary proceeding, the action is limited to the question of possession. Id. (citing Kessler v. Nielsen, 3 Wn. App. 120, 472 P.2d 616 (1970)). Unlawful detainer is available to the buyer

---

[2]In a related appeal, Maddox Bey challenges the trial court's dismissal of his quiet title action. See Maddox Bey v. Guild Mortgage Company, No. 77153-1-I.

at a nonjudicial foreclosure sale if the previous owner does not vacate. RCW 61.24.060(1). The buyer must comply with statutory notice requirements. RCW 61.24.060(2).

We review the trial court's findings of fact in an unlawful detainer action for substantial evidence and its conclusions of law de novo. Pham v. Corbett, 187 Wn. App. 816, 825, 351 P.3d 214 (2015) (citing Hegwine v. Longview Fibre Co., Inc., 132 Wn. App. 546, 555–56, 132 P.3d 789 (2006)). Unchallenged findings of fact are verities on appeal. Id. (citing Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992)).

In this case, the trial court found that DWA purchased the property at the trustee's sale. The trial court also found that Maddox Bey received notice but failed to vacate the property. Maddox Bey does not challenge these findings. They are verities on appeal.

Maddox Bey contends the trial court erred in issuing a writ of restitution for several reasons. He argues that DWA failed to prove that it purchased the property at the trustee's sale because, at the hearing, DWA did not call any witnesses with first-hand knowledge. Maddox Bey also asserts that the trustee's sale was void and could not result in lawful title. Neither argument has merit.

First, the trial court found that DWA purchased the property and, because Maddox Bey did not challenge the finding, it is a verity on appeal. Pham, 187 Wn. App. at 825.

Second, Maddox Bey acknowledges that DWA submitted a trustee's deed in support of its claim that it legitimately purchased the property. It is well settled

3

that a trustee's deed that recites the facts showing that the sale was conducted in compliance with the Deed of Trust Act (DTA) is "prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchasers. . . ." RCW 61.24.040(7).

Here, Maddox Bey's assertion that the sale was void rests solely on his unilateral rescission of his signature on the deed of trust. But he cites no authority recognizing unilateral rescission of signature as a ground to escape contractual obligations. Nor does he challenge the deed's adequacy or point to any evidence that the sale failed to comply with the DTA. The trial court did not err in rejecting his argument that the trustee's sale was invalid.

Maddox Bey next contends that DWA was not a bona fide purchaser. A bona fide purchaser is one who buys real property for valuable consideration without notice of title or sale defects. Albice, 174 Wn.2d at 573. The party challenging the buyer's status has the burden of proving that the buyer had actual or constructive notice of such a defect. Glaser v. Holdorf, 56 Wn.2d 204, 209, 352 P.2d 212 (1960). A buyer who has knowledge or information that would cause a reasonable person to inquire has constructive knowledge of everything the inquiry would have revealed. Albice, 174 Wn.2d at 573. See also Steward v. Good, 51 Wn. App. 509, 513, 754 P.2d 150 (1988) (where a buyer has reason to inquire, and inquiry would lead to the discovery of defects in the title, the buyer is not a bona fide purchaser) (citations omitted).

4

Maddox Bey asserts that he informed Jeremie Dufault, one of DWA's principals, that he had filed a lawsuit to quiet title to the property.[3] But, even if Dufault had notice of Maddox Bey's lawsuit, any inquiry into the action would have revealed no title or sale defects. Maddox Bey's quiet title complaint did not allege that he had satisfied the underlying debt or that the trustee's sale failed to comply with statutory procedures. The complaint did not seek to enjoin the sale. If DWA had a duty to inquire, the inquiry would have revealed the validity of the trustee's sale. Maddox Bey fails to show that DWA was not a bona fide purchaser.

It is difficult to follow Maddox Bey's further arguments. He challenges the trial court's ruling for DWA on the grounds that he is not subject to the jurisdiction of the United States or the State of Washington and the unlawful detainer action violates his treaty and constitutional rights as a Moorish-American. He appears to argue that DWA failed to honor a tender of credit posted while this appeal was pending and this failure constituted cruel and unusual punishment. Maddox Bey asserts that he is entitled to money damages for wrongful eviction and violation of his liberty. We do not consider these arguments because Maddox-Bey fails to explain how they are pertinent to the unlawful detainer action or support them with relevant authority.[4]

---

[3] Maddox Bey relies on evidence of his conversation with Dufault. DWA contends this evidence was not in the record below and should not be considered on this appeal. Because the evidence is not relevant to our resolution of the issue, we do not address its admissibility.

[4] The authority Maddox Bey cites, including the United States Constitution, the Bill of Rights, and the Washington State Constitution, provides no support for his assertions.

Affirmed.

WE CONCUR: