2017 NOV 27 AM 9: 53


IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| 21ST MORTGAGE CORPORATION, a Delaware corporation, | No. 75657-5-I |
| Respondent, | DIVISION ONE |
| v. | |
| JACK C. CRAMER, JR, and JANE DOE CRAMER, and the marital community thereof, | UNPUBLISHED OPINION |
| | FILED: November 27, 2017 |
| Appellants. | |

BECKER, J. — In this cause of action for unjust enrichment, the trial court properly granted summary judgment in favor of a mortgage company that paid a homeowner's property taxes and insurance bills during a period of time that the homeowner was in default on payments on a secured note.

Appellant Jack C. Cramer Jr. owns property secured by an adjustable rate note and deed of trust. The original note holder was Countrywide Home Loan Inc. The note went into default in 2001. Cramer became involved in litigation with Countrywide that was settled by an agreement in 2003. According to Cramer, Countrywide breached that agreement when it failed to clear derogatory credit reporting. Cramer claims that as a result of Countrywide's breach, he was

unable to refinance his home and incurred attorney fees from foreclosure proceedings.

Countrywide filed for bankruptcy in 2012. In the bankruptcy proceedings, respondent 21st Mortgage Corporation became the custodian and servicer on the note. From September 2012 through February 2015, 21st paid $21,904.58 in taxes and insurance premiums on the property. Notice of the payments was sent to Cramer's address. Cramer does not dispute that these payments were made for his benefit.

21st brought an action against Cramer to recoup the payments plus interest under a theory of unjust enrichment. Cramer asserted numerous affirmative defenses. Many of these defenses were based on the 2003 settlement agreement with Countrywide, including a recoupment claim for incurred attorney fees and litigation expenses arising from Countrywide's alleged breach.

The trial court granted 21st's motion for summary judgment and entered a judgment awarding 21st the damages sought. This appeal followed. Our review is de novo. Bavand v. OneWest Bank, FSB, 196 Wn. App. 813, 825, 385 P.3d 233 (2016).

Cramer contends that 21st's claim is barred by the statute of limitations. It is not. The statute of limitations for an unjust enrichment claim is three years. RCW 4.16.080. The earliest payment which 21st seeks to recover was made on September 27, 2012. This action was brought on September 1, 2015. Therefore, 21st's claims are within the three-year statute of limitation period.

Cramer contends that 21st's motion for summary judgment relied on inadmissible hearsay. Specifically, he argues that the declaration of 21st's attorney, Chris Caldwell, failed to provide the necessary foundation to admit attached documents as business records under RCW 5.45.020. That statute allows the admission of business records "if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." RCW 5.45.020.

Cramer cites a case holding that the business records exception does not allow admission of affidavits testifying to the contents of documents not in the record. Podbielancik v. LPP Mortg. Ltd., 191 Wn. App. 662, 667, 362 P.3d 1287 (2015). Although 21st initially provided a declaration referring to documents not in the record, Caldwell filed a second declaration to support the reply memorandum. The second declaration attached documents necessary to support 21st's claim for unjust enrichment.

There is no requirement that the party laying the foundation must be the same party responsible for the creation of the documents. Bavand, 196 Wn. App. at 829-30. Caldwell declared that he was personally familiar with the documents; he was a custodian of the documents; they were created and maintained in the regular and ordinary course of a regularly conducted business activity by a person charged with a duty of creating and maintaining the business records; the documents were made at or near the date of the documents'

creation; and he was able to testify to the truth of the statements. Such a declaration is consistent with the requirements of RCW 5.45.020. We conclude there is nothing to suggest the documents were improperly admitted.

Cramer contends the summary judgment order bars him from asserting any future claim to quiet title on his property against 21st. Contrary to Cramer's claim, the order makes no mention of actions to quiet title, nor did Cramer raise this issue as an affirmative defense in his answer or in his response to the motion for summary judgment. Furthermore, Cramer fails to cite any legal support for his claim. This court does not review assigned errors where arguments are not adequately developed in the briefs. State v. Corbett, 158 Wn. App. 576, 597, 242 P.3d 52 (2010).

Cramer contends the summary judgment order bars him from asserting a statute of limitations defense in any future actions. There is no basis for this claim in the language of the order.

Cramer contends the trial court should have permitted him to assert a recoupment defense and use it as a setoff against the unjust enrichment claim brought by 21st. His alleged right to recoupment is based upon his 2003 settlement agreement with Countrywide. 21st was not a party to that agreement. At oral argument before the trial court, counsel for 21st argued that bankruptcy court was the only proper forum in which to assert such a claim. Accordingly, the trial court's order dismissing Cramer's affirmative defenses with prejudice contained the interlineated words, "save Defendant's Recoupment claims in Bankruptcy Court."

4

Assuming for the sake of argument that Countrywide's successor can be held liable in state court for the allegedly derogatory credit reports—an argument Cramer's brief does not articulate—the only evidence of damage that he has presented is too speculative to survive summary judgment. Cramer concedes that he has been in default on the note since 2001. Two sentences taken from his declaration constitute his only evidence of damage:

> Countrywide failed to clear the derogatory credit reporting as required by the settlement agreement. As a result I was and have been unable to refinance, have been subjected to foreclosure proceedings, and have been forced to file more than one bankruptcy case since 2003 to protect my homestead.

Cramer has offered no evidence that he actually did attempt to refinance his property, nor has he provided evidence that he would have succeeded in obtaining a lower interest rate had Countrywide fulfilled its obligations.

Affirmed.

Becker, J.

WE CONCUR:

Trickey, A.C.J.

Spearman, J.