# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., its successors in interest and/or assigns,<br><br>Respondent,<br><br>v.<br><br>DAVID ARTHUR MORTON, NCO FINANCIAL SYSTEMS, INC.; OCCUPANTS OF THE PREMISES; and any persons of parties claiming to have any right, title, estate, lien or interest in the real property described in the complaint,<br><br>Appellant. | No. 49846-4-II<br><br><br><br>UNPUBLISHED OPINION |

MAXA, A.C.J. – David Morton appeals the trial court's grant of summary judgment in favor of JP Morgan Chase Bank, N.A. (Chase) in Chase's judicial foreclosure action regarding Morton's property. The issue is whether Chase can enforce a "lost" promissory note executed by Morton but payable to a different lender. Chase alleged that it was entitled to enforce the note because even though Chase currently is not a holder of the note, it had possession at the time the note was lost. However, the record reflects that Chase failed to submit documents supporting its claim in its summary judgment motion, although apparently it could have done so.

We hold that (1) the trial court erred in failing to exclude as hearsay a Chase employee's affidavit stating that certain documents showed that Chase had possession of the note because the affidavit did not attach or even identify those documents; and (2) summary judgment was

improper because without the hearsay statement, Chase did not provide any evidence that it had possession of the note at the time the note was lost.[1] Accordingly, we reverse the trial court's summary judgment order and remand for further proceedings.

FACTS

In May 2000, Morton obtained a loan in the amount of $206,950 from Franklin Financial (Franklin) and signed a promissory note in that amount payable to Franklin. Morton secured the note by executing a deed of trust for residential property he owned in Tacoma. The deed of trust stated that Franklin was the beneficiary.

Beginning in February 2009, Morton failed to make payments on the loan. In March 2014, Chase filed a complaint against Morton[2] for amounts due on the note and for a decree of foreclosure on Morton's property. Chase alleged that Franklin had assigned the beneficial interest in the deed of trust to Bank One and that Chase was the successor beneficiary through a merger with Bank One. Chase also alleged that it could not locate Morton's original note, but that the note was in Chase's possession when it was lost or destroyed and that the note had not been cancelled or transferred to another party. Morton denied these allegations.

In September 2016, Chase filed a summary judgment motion seeking a judgment against Morton for the principal amount of the loan, accrued interest, and other related amounts. In support, Chase submitted an affidavit by Douglas Theener, a Chase vice president. Theener

---

[1] Morton also argues that the trial court erred in denying his CR 56(f) motion for a continuance. Because we reverse the trial court's summary judgment order, we do not address this argument.

[2] The complaint also named as a defendant NCO Financial Services, Inc. (NCO), which had two recorded judgments against Morton. This appeal does not involve NCO's interest in Morton's property.

outlined the amounts Chase sought to recover from Morton and attached copies from Chase's business records of documents showing the amounts Morton owed.

Theener's declaration also attached an "Affidavit of Lost Note" signed by Alex Laird, another Chase vice president. Clerk's Papers (CP) at 58. Laird's affidavit stated that Chase's regular business practice is to store notes secured by mortgages and deeds of trust in collateral files maintained by Chase's agent. Laird searched the collateral files and credit files that Chase maintained pertaining to Morton's loan and was unable to locate the original note. But Laird stated that those business records reflected that Chase was in possession of the note at the time it was lost or destroyed. He also stated that Chase's loss of possession did not result from the note being cancelled or transferred to another party.

Laird attached copies of the note and deed of trust. Franklin had indorsed the note in blank. However, Laird did not attach to his affidavit or otherwise identify the business records allegedly reflecting that Chase possessed the note when it was lost or destroyed.

Chase provided no other evidence in support of its summary judgment motion. Specifically, Chase did not present any evidence showing that Franklin had transferred the note to Bank One or that Chase had merged with Bank One.[3]

In his response, Morton admitted that he was in default on the note and that Chase could obtain a judgment against him if it showed that it was entitled to enforce the note. But Morton claimed that there was no admissible evidence that Chase was ever in possession of the note. He argued that Laird's statement that business records reflected Chase's possession was inadmissible hearsay because the affidavit did not attach those business records.

---

[3] A copy of an assignment of deed of trust was attached to Chase's complaint. But Morton denied the validity of that assignment.

The trial court granted summary judgment in favor of Chase. The court entered a judgment stating that Chase was entitled to recover $385,313.41 from Morton and that Chase was allowed to foreclose on Morton's property.

Morton appeals the trial court's grant of summary judgment in favor of Chase.

ANALYSIS

A.    STANDARD OF REVIEW

We review a trial court's summary judgment order de novo. *Rickman v. Premera Blue Cross*, 184 Wn.2d 300, 311, 358 P.3d 1153 (2015). We view all facts and reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. *Id.* If there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, we will affirm the trial court's summary judgment order. *Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909, 922, 296 P.3d 860 (2013).

The moving party bears the burden of first showing that there is no genuine issue of material fact. *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 964, 335 P.3d 1014 (2014). A genuine issue of material fact exists if reasonable minds could differ on controlling facts. *Sutton v. Tacoma Sch. Dist. No. 10*, 180 Wn. App. 859, 864-65, 324 P.3d 763 (2014). But where reasonable minds can reach only one conclusion on an issue of fact, that issue can be determined on summary judgment. *Id.* at 865.

B.    LEGAL BACKGROUND

Chapter 62A.3 RCW, which incorporates article 3 of the Uniform Commercial Code (UCC), provides for the enforcement of negotiable instruments like promissory notes. Under RCW 62A.3-301, the parties entitled to enforce an instrument include (1) the "holder" of the

instrument or (2) a person not in possession who is entitled to enforce the instrument pursuant to RCW 62A.3-309.[4]

The UCC defines "holder" to include a person in possession of a negotiable instrument that is payable to bearer. RCW 62A.1-201(b)(21)(A). An instrument is payable to bearer when a holder makes a blank indorsement – an indorsement that does not specify the person to whom the instrument is payable. RCW 62A.3-205(b). Franklin indorsed Morton's note in blank. Therefore, the person in possession of Morton's note would be the note's holder.

Under RCW 62A.3-309(a), a person who has lost possession of an instrument is entitled to enforce the instrument if:

> (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

A person seeking to enforce an instrument also must prove the terms of the instrument and the right to enforce it. RCW 62A.3-309(b).

In addition, a trial court cannot enter judgment on a lost note unless it finds that the instrument's obligor is adequately protected against loss if another person asserts a claim to enforce the instrument. RCW 62A.3-309(b).

C.     ENFORCEMENT OF LOST NOTE

Chase admits that it does not currently have possession of Morton's note, and therefore cannot enforce the note as a holder. Instead, Chase asserts that it can enforce the note as a

---

[4] A third category of persons entitled to enforce a note under RCW 62A.3-301, a nonholder in possession of the instrument who has the rights of a holder, is not at issue here.

person previously in possession of a lost note under RCW 62A.3-309. The parties dispute only the first element of RCW 62A.3-309(a) – whether Chase was in possession of the note when it was lost.

Chase relies on Laird's statement in his affidavit that Chase's business records showed that Chase had possession of the note when it was lost or destroyed. Morton claims that Laird's statement is inadmissible hearsay because the referenced records were not attached to the affidavit. He also claims that summary judgment is improper because no other evidence shows Chase's possession of the note. We agree with Morton.

1. Admissibility of Laird's Statement

a. Legal Background

CR 56(e) specifies the form for an affidavit supporting a summary judgment motion. The rule states,

> Supporting and opposing affidavits *shall be made on personal knowledge*, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. *Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.*

CR 56(e) (emphasis added). Similarly, ER 602 states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

The CR 56(e) personal knowledge requirement may be satisfied by a witness's review of business records that qualify for admission under RCW 5.45.020. *Barkley v. GreenPoint Mortg. Funding, Inc.*, 190 Wn. App. 58, 67, 358 P.3d 1204 (2015), *review denied*, 184 Wn.2d 1036 (2016); *see also Bavand v. OneWest Bank, FSB*, 196 Wn. App. 813, 826-29, 385 P.3d 233 (2016). RCW 5.45.020 states:

> A record of an act, condition or event, shall in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

This statute provides a hearsay exception for business records.[5] *Bavand*, 196 Wn. App. at 826. Its purpose is to allow for the admission of records made in the usual course of business without the need to produce the person who made the record. *Id.*

Relying on RCW 5.45.020 to satisfy CR 56(e) involves a procedural limitation. Division One of this court has held that for a witness's statement concerning the *content* of business records to be admissible, the relevant records must be placed in the record. *Podbielancik v. LPP Mortg. Ltd.*, 191 Wn. App. 662, 667-68, 362 P.3d 1287 (2015); *see also Melville v. State*, 115 Wn.2d 34, 36, 793 P.2d 952 (1990) (holding that an affidavit stating facts based on a review of materials not in the record was inadmissible hearsay). "The business records exception does not permit affidavits testifying to the contents of documents that are not in the record." *Podbielancik*, 191 Wn. App. at 667. If the affidavit does not attach the business records, testimony about the records' content is admissible only if a separate hearsay exception applies or if the testimony is not offered for its truth. *Id.*

We typically review a trial court's decision to admit or exclude evidence for abuse of discretion. *Cent. Puget Sound Reg'l Transit Auth. v. Airport Inv. Co.*, 186 Wn.2d 336, 350, 376 P.3d 372 (2016). However, we review de novo evidentiary rulings the trial court makes in conjunction with a summary judgment motion. *Podbielancik*, 191 Wn. App. at 666.

---

[5] Unlike the federal rules, the Washington evidence rules do not contain a hearsay exception for business records. *See* ER 803(a)(6) ("Reserved. See RCW 5.45.").

b. Analysis

Here, Laird testified in his affidavit that he had searched the collateral file and credit file pertaining to Morton's loan. He then stated that "[t]he business records described above reflect that the Note was in [Chase's agent]'s possession at the time it was lost or destroyed." CP at 59. But Laird's affidavit did not attach the documents he claimed showed that the note had been in Chase's possession. The only documents he attached were copies of the note and the deed of trust.

Under *Podbielancik*, Laird's statement based on his review of documents not in the record constitutes inadmissible hearsay. Laird's testimony was introduced for the truth of the contents of those documents, but the RCW 5.45.020 hearsay exception does not apply because the documents were not attached. *Podbielancik*, 191 Wn. App. at 667. In fact, Laird did not even identify the documents he reviewed. An affidavit cannot satisfy the business record exception to the hearsay rule by reciting that certain unidentified, unattached documents establish the truth of the matter asserted in the affidavit.[6]

Chase argues that the requirement from *Podbielancik* applies only when a declarant "recites the contents" of business records, not when the declarant testifies to an "independent fact" obtained from a review of the records. Br. of Resp't at 15-16. However, *Podbielancik* does not support this technical distinction. The court in *Podbielancik* held that a person could not testify "to the contents" of documents not in the record. 191 Wn. App. at 667. Laird was testifying "to the contents" when he stated that the records he reviewed showed that Chase once

---

[6] In addition, Laird's affidavit did not meet the express requirements of CR 56(e). Under the rule, the affiant must attach all papers referred to in the affidavit. The affidavit did not attach the business records referenced.

possessed the note. And the court in *Podbielancik* cited with approval the holding in *Melville*, which disallowed an "affidavit asserting *facts learned from documents* outside of the record." *Podbielancik*, 191 Wn. App. at 667 (emphasis added) (citing *Melville*, 115 Wn.2d at 36). Laird's statement regarding Chase's possession asserted facts that he learned from documents not included in the record.[7]

Finally, Chase argues that information obtained from the contents of business records must be admissible under RCW 5.45.020 or else it would be impossible for large businesses to introduce evidence. But Chase ignores the fact that it did not establish the admissibility of any document that Laird relied on. Laird's declaration only referenced some unidentified, undisclosed documents. Had Laird merely attached the relevant documents, they may have qualified as admissible business records and Laird would have been able to testify about their contents.

Accordingly, we hold that the trial court erred in considering Laird's statement in his affidavit that his review of unidentified documents not in the record showed that Chase once had possession of the note.

2.    Other Evidence of Chase's Possession

Morton argues that if we do not consider Laird's statement regarding Chase's possession of the note, summary judgment is inappropriate because Chase did not present any other evidence showing that it once possessed the note. We agree.

---

[7] Chase also cites *Bavand* and three unpublished cases that he claims have rejected challenges to affidavits similar to Morton's claim. The court in *Bavand* did not address this issue, *see* 196 Wn. App. at 828, 830-31, and we do not believe that the unpublished cases compel a result different than our holding.

Chase argues that even if Laird's affidavit is disregarded, there is sufficient evidence to show that Chase was the note's holder when the note was lost. Chase claims that it presented undisputed evidence that (1) Franklin assigned the note and deed of trust to Bank One and (2) Bank One merged into Chase and Chase was its successor. Chase asserts that it became the note holder once it succeeded to Bank One's rights.

Chase may have evidence regarding a transfer of the note to Bank One and a merger between Bank One and Chase. But Chase is mistaken that such evidence was in the summary judgment record. In its complaint, Chase *alleged* that Franklin assigned the deed of trust to Bank One and attached a copy of the assignment. But Morton denied that allegation based on insufficient information. And Chase did not even allege that Franklin had transferred the note to Bank One. Further, Chase *alleged* that Bank One merged with Chase. But Morton again denied that allegation based on insufficient information.

In its summary judgment materials, Chase failed to provide any evidence regarding a transfer of the note (or the deed of trust) from Franklin to Bank One or a merger between Chase and Bank One. In the absence of such evidence, Chase cannot rely on the alleged transfer or the alleged merger to support the trial court's summary judgment ruling.

3. Summary

There is no admissible evidence in the summary judgment record showing that Chase possessed Morton's note when it was lost. If Chase has such evidence, it failed to produce it. As a result, Chase cannot satisfy the first element of RCW 62A.3-309(a). Accordingly, we hold that the trial court erred in granting summary judgment in Chase's favor.

4. Adequate Protection Against Other Claims

Morton argues that even if Chase was able to satisfy the elements of RCW 62A.3-309(a), the trial court erred when it failed to find that he would be adequately protected if a third party in possession of the note attempted to enforce it. Because we reverse the trial court's summary judgment ruling, we do not address this issue.

But we note that under RCW 62A.3-309(b), a trial court may not enter judgment in favor of a person seeking enforcement on a lost instrument unless it finds that the person required to pay the instrument is "adequately protected" against a loss that may occur through a claim by another person to enforce the instrument. On remand, the trial court must address this issue before entering judgment in favor of Chase on the lost note.

## CONCLUSION

We reverse the trial court's summary judgment order and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, A.C.J.

We concur:

_____
JOHANSON, J.

_____
MELNICK, J.