**FILED**
**NOVEMBER 17, 2020**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| GILBERTO CANTU, a single person, | ) | No. 37149-2-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ADAMS COUNTY, ADAMS COUNTY | ) | |
| SHERIFF'S DEPARTMENT, SHERIFF | ) | |
| DALE J. WAGNER, and DEPUTY | ) | |
| DARRYL BARNES, | ) | |
| | ) | |
| Respondents. | ) | |

LAWRENCE-BERREY, J. — Gilberto Cantu brought suit to recover damages for an

ankle injury he sustained while fleeing on his bicycle and being unintentionally struck by

Deputy Darryl Barnes's patrol car. The trial court dismissed Cantu's suit on summary

judgment. We affirm.

FACTS

*Domestic dispute*

On April 3, 2015, the Adams County Sheriff's Office received a call about a man

beating up a woman in a homeless encampment in Othello, Washington. The caller told

dispatch "he believed the male was going to kill the female." Clerk's Papers (CP) at 65.

Sheriff's deputies arrived on the scene and found the woman, who reported that Gilberto

Cantu had assaulted her.

*Pursuit, collision, and arrest*

The next morning, Deputy Darryl Barnes saw a report noting there was probable

cause to arrest Cantu for assault.[1] Around 1:00 p.m., Deputy Barnes saw Cantu, who he

knew from previous encounters, riding his bicycle near a local motel. Deputy Barnes

activated his patrol lights and used his car's public address system to order Cantu to stop.

The patrol car's video shows what happened.

Cantu continued biking, weaving through parking lots and public streets. Deputy

Barnes followed Cantu, activated his audible siren, repeatedly ordered Cantu to stop, and

radioed for backup.

Cantu rode south on a public street, then doubled back into a gravel parking lot. A

berm separated the gravel lot from an adjacent lot. Cantu rode toward the berm and

Deputy Barnes followed close behind, but slightly to Cantu's right. As they approached

the berm, Cantu veered in front of the patrol car. Deputy Barnes braked sharply, trying to

---

[1] Deputy Barnes's declaration states he "had seen documents related to the probable cause incident prior to going out on patrol on April 4, 2015." CP at 56. He attaches several police reports to his declaration. This implies he was aware of the facts in all of the attached reports. The implication is disingenuous, given that only one of the reports was prepared by the morning of April 4.

2

avoid colliding with Cantu. The patrol car skidded on the gravel into Cantu, knocking him to the ground. Deputy Barnes got out of his car and found Cantu's bicycle partially underneath his left bumper and Cantu laying on the ground a few feet away complaining of pain. Cantu sustained a small hairline fracture in his right foot as a result of the collision. After medical personnel cleared Cantu, he was jailed on various charges.

Cantu filed suit against Adams County, the sheriff's department, Sheriff Dale Wagner, and Deputy Barnes, alleging negligent driving and training, as well as liability based on agency and respondeat superior.

*Deposition and expert testimony*

At Deputy Barnes's deposition, he explained the moments leading up to the collision: "And as I was focusing on the berm, I could see [Cantu] coming into my periphery. So I go from my gas to the brake. The car slides. He goes out of view. I back my car up and make contact with him to take him into custody." CP at 112. At Cantu's deposition, he admitted he knew Deputy Barnes was trying to arrest him. He did not deny veering his bicycle in front of the patrol car, but said he did not know the patrol car was close.

Adams County's expert witness, Earl Howerton, opined:

4.  . . . Deputy Barnes was not negligent while operating his patrol car in pursuit of Mr. Cantu.  In addition, it was reasonable for Deputy Barnes to stop and contact Mr. Cantu in an attempt to arrest him and follow him safely until Deputy Barnes could get Mr. Cantu to stop. Deputy Barnes' actions in pursuing and attempting to detain Mr. Cantu were consistent with standard police practices and the Sheriff Department's protocols.
5.  The evidence in this case shows that Deputy Barnes had insufficient time to react and avoid Mr. Cantu's bicycle when it veered into the path of Deputy Barnes' police cruiser.

CP at 41.  Cantu did not hire an expert to rebut Mr. Howerton's opinion.

After the parties completed discovery, the defendants successfully moved for summary judgment dismissal of Cantu's various claims.  This appeal followed.

ANALYSIS

NEGLIGENCE: DEPUTY BARNES[2]

Cantu contends summary judgment was inappropriate because genuine issues of material fact exist as to whether Deputy Barnes was negligent.  We disagree.

We review an order granting summary judgment de novo, conducting the same inquiry as the trial court.  *Pac. Nw. Shooting Park Ass'n v. City of Sequim*, 158 Wn.2d 342, 350, 144 P.3d 276 (2006).  Summary judgment is a burden-shifting scheme, where

---

[2] Cantu does not argue how the trial court erred in summarily dismissing his negligent training claim.  We deem that claim abandoned on appeal.  *Podbielancik v. LPP Mortg. Ltd.*, 191 Wn. App. 662, 668, 362 P.3d 1287 (2015).

the "moving party is entitled to summary judgment if it submits affidavits establishing it is entitled to judgment as a matter of law." *Rangers Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). The party opposing summary judgment must then "'set[ ] forth specific facts which sufficiently rebut the moving party's contentions and disclose the existence of a genuine issue as to a material fact.'" *Id.* (quoting *Meyer v. Univ. of Wash.*, 105 Wn.2d 847, 852, 719 P.2d 98 (1986)).

In a negligence action, a plaintiff must establish: (1) the existence of a duty, (2) a breach of that duty, (3) proximate cause, and (4) resulting injury. *Id.* "If any of these elements cannot be met as a matter of law, summary judgment for the defendant is proper." *Id.* at 553. Breach and proximate cause are usually factual questions for the jury, but they may be resolved at summary judgment if reasonable persons could reach only one conclusion from the evidence, together with all reasonable inferences therefrom, viewed in the nonmoving party's favor. *Hartley v. State*, 103 Wn.2d 768, 775, 698 P.2d 77 (1985).

Here, Cantu has failed to establish breach of duty. He contends Deputy Barnes was traveling too fast for the gravelly conditions to avoid colliding into him. Cantu cites RCW 46.61.400, which provides:

5

> No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

This statute does not apply. The collision occurred in a gravel parking lot, not on a public road. Nor was Deputy Barnes traveling too fast for conditions. He was following slowly because Cantu was on a bicycle. Reasonable persons can only conclude that Deputy Barnes did not travel too fast for conditions and, thus, did not breach any duty.

In addition, Cantu has failed to establish proximate cause.

> Proximate cause, in part, involves the concept of superseding causation. An act generally is a proximate cause of an injury if it produces the injury. [I]f a new, independent intervening act breaks the chain of causation, it supersedes the defendant's original act and the original act is no longer the proximate cause of the injury. Whether an act may be considered a superseding cause sufficient to relieve a defendant of liability depends on whether the intervening act can reasonably be foreseen by the defendant; only intervening acts that are not reasonably foreseeable are deemed superseding causes. Unforeseeable intervening acts break the chain of causation.

*Sluman v. State*, 3 Wn. App. 2d 656, 702, 418 P.3d 125, *review denied*, 192 Wn.2d 1005, 430 P.3d 254 (2018) (citations omitted).

Cantu veered his bicycle in front of Deputy Barnes's patrol car. This caused Deputy Barnes to immediately brake and skid into Cantu. Cantu does not explain how

6

No. 37149-2-III
*Cantu v. Adams County*

Deputy Barnes could have foreseen a bicycle veering into his path of travel. A reasonable person could only conclude that Deputy Barnes could not have reasonably foreseen this. Cantu's action was the superseding cause of his own injury.

We conclude that the trial court did not err by dismissing Cantu's negligence claims. And because Deputy Barnes was not negligent, Cantu's agency and respondeat superior claims also were properly dismissed.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Pennell, C.J.

Korsmo, J.

7