# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SABR MORTGAGE LOAN 2008-1 REO )     No. 81753-1-I
SUBSIDIARY-1 LLC,                  )
                                    )
          Respondent,      )
                                      )      DIVISION ONE
          v.                 )
                                      )
BRUCE BORJESSON; CAPITAL ONE )
BANK (USA); CITY OF SEATTLE; EGP )
INVESTMENTS, LLC; PRIDE        )
ACQUISITIONS, LLC; AND PERSONS )
OR PARTIES UNKNOWN CLAIMING   )
ANY RIGHT, TITLE, LIEN, OR       )
INTEREST IN THE PROPERTY      )
DESCRIBED IN THE COMPLAINT    )
HEREIN,                            )
                                      )      UNPUBLISHED OPINION
          Appellants.       )
                                      )

MANN, C.J. — In this judicial foreclosure case, Bruce Borjesson appeals the superior court's entry of judgment, decree of foreclosure, and order of sale following summary judgment. We affirm.

## FACTS

Borjesson executed a promissory note for $476,000.00 in favor of EquiFirst Corporation to obtain a loan against his house, located at 9519 4th Avenue Northwest, on August 2, 2007. He executed a deed of trust on his house to secure repayment of

the note.  In October 2008, Borjesson failed to make the monthly payment on the note and deed of trust.  Borjesson received notice that the note and deed were in default and that he would need to make the payments by December 22, 2008 to avoid foreclosure.  Borjesson failed to make the payments to prevent foreclosure.

Following the default, there was a notice of trustee's sale issued in 2009.  Borjesson filed an action to restrain the sale.  The 2009 notice of trustee sale was discontinued and Borjesson dismissed his action in 2010.  EquiFirst assigned the beneficial interest in the deed of trust to SABR Mortgage Loan 2008-1 REO Subsidiary-1 LLC (SABR) on August 15, 2012.

In September 2014, SABR filed an action for judicial foreclosure against Borjesson.  On October 2, 2015, the superior court granted SABR's motion for summary judgment, which provided for the entry of judgment and decree of foreclosure.  On October 13, 2015, Borjesson filed for protection under bankruptcy, thus automatically staying entry of the judicial foreclosure action.  He also appealed the order granting summary judgment, which this court dismissed as premature without prejudice.

SABR transferred the note and deed to Wilmington Savings Fund Society (Wilmington) on November 10, 2017.

On March 17, 2020, the bankruptcy court issued an order abandoning all of Borjesson's estate assets back to the debtor.  The bankruptcy court then lifted the automatic bankruptcy stay allowing Wilmington, as the successor in interest to SABR, to seek entry of the judgment and decree of foreclosure.  Over opposition by Borjesson, on July 14, 2020, the trial court entered judgment for $891,872.74, a decree of foreclosure,

and order for sale if Borjesson did not immediately pay the judgment in full. Borjesson appeals.

## ANALYSIS

### A. Summary Judgment

Borjesson makes several arguments for the first time on appeal that were not at issue during the summary judgment proceedings.[1] Borjesson also argues that the court erred by granting summary judgment.

We hold pro se litigants to the same standards as an attorney, and Borjesson must comply with all procedural rules on appeal. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(6). Failure to support assignments of error with legal arguments precludes review. Howell v. Spokane & Inland Empire Blood Bank, 117 Wn.2d 619, 624, 818 P.2d 1056 (1991); State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). We need not consider arguments that are not supported by references to the record, meaningful analysis, or citation to pertinent authority. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).

We review summary judgment decisions de novo. Int'l Marine Underwriters v. ABCD Marine, LLC, 179 Wn.2d 274, 281, 313 P.3d 395 (2013). "Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Int'l Marine Underwriters, 179 Wn.2d at 281.

---

[1] Borjesson argues about lack of notice, due process violations, discovery violations, various fraud claims, lack of standing, statute of limitations, and raises a laches and unclean hands defense, all which are not properly before this court. Generally, we will not consider issues raised for the first time on appeal. RAP 2.5(a).

The moving party has the initial burden of proving the absence of an issue of material fact. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). We consider "the facts submitted and all reasonable inferences therefrom in the light most favorable to the nonmoving party." Chelan County Deputy Sheriffs' Ass'n v. Chelan County, 109 Wn.2d 282, 294, 745 P.2d 1 (1987).

Borjesson claims that the court erred in granting summary judgment because he did not sign the allonge, he did not receive proper notice of the motion for summary judgment, and he was denied due process through discovery. Borjesson failed to raise any of these arguments before the trial court and fails here to provide a cohesive argument or relevant applicable authority to support his argument.

Borjesson does not meet his burden demonstrating an issue of material fact requiring reversal. The deed of trust follows the promissory note and is enforceable by the note holder. Bain v. Metro. Mortg. Grp., Inc., 175 Wn.2d 83, 102, 285 P.3d 34 (2012). The holder of the promissory note is entitled to judicially foreclose the deed of trust. Deutsche Bank Nat. Tr. Co. v. Slotke, 192 Wn. App. 166, 171, 367 P.3d 600 (2016). The trial court in the judicial foreclosure action properly determined that SABR was the holder of the note and was entitled to enforce it. Therefore, the bankruptcy court properly granted judgment of $891,872.74 and the decree of foreclosure to SABR's predecessor.[2]

---

[2] On April 14, 2021, Borjesson filed a motion for the submission of additional documents, in which Borjesson asks the court to consider exhibits A, B, C, and D attached to the motion. Under RAP 9.12, when reviewing an order granting or denying a motion for summary judgment we will consider only the evidence called to attention by the trial court. Therefore, we deny Borjesson's motion for the submission of additional documents.

B. Attorney Fees

Wilmington requests attorney fees on appeal. The general rule in Washington is that attorney fees will be awarded only when "authorized by contract, statute, or a recognized ground of equity." Durland v. San Juan County, 182 Wn.2d 55, 76, 340 P.3d 191 (2014). The promissory note and the deed of trust both provide for an award of reasonable attorney fees in the event enforcement is necessary. Subject to compliance with RAP 18.1, Wilmington is entitled to an award of its reasonable attorney fees and costs. See Podbielancik v. LPP Mortg. Ltd., 191 Wn. App. 662, 673, 362 P.3d 1287 (2015).

Affirmed.

_____
Mann, C.J.

WE CONCUR:

_____          _____

---

On July 2, 2021, Wilmington filed a brief entitled "surreply." Wilmington is not the party seeking review and did not file a motion to file such a brief. See RAP 10.1(c) and (h). Wilmington's surreply is stricken and was not considered.